McFarland, J.,
delivered the opinion of the Court.
This was a petition for writ of error eoram nobis-in the Municipal Court of Memphis, to set aside a judgment by default against petitioners in said court. The writ was granted, but afterward dismissed by the court, and the petitioners have appealed.
*190 The proper practice is upon the return of the writ to assign errors upon the record; but a motion to dismiss will no doubt lie, if it appear from the facts stated that the writ was improperly granted, and that no valid assignment of errors can be predicated upon the facts stated in the petition. If the matter be not tried at the first term, the defendant may move to discharge the supersedeas upon denying on oath the facts stated in the petition. Code 3118. From this it seems clear that the facts stated in the 'petition are the facts upon which the errors are predicated; and if these appear to be insufficient, and need no denial, we see no reason why the writ may not be dismissed upon motion.
The facts stated in this petition are wholly insufficient. As to one of the petitioners only it is alleged that a defense existed, and it is not clearly shown that this was valid. As to the others, they clearly show that no defense existed. The reason given for not making defense at the proper time is not sufficient. They say they employed an attorney, but give no reason for his failure to file the pleas. They say that a memorandum was handed to the ’Clerk to enter the name of the attorney upon the •docket. If this had ever been doné, it would not defeat the plaintiff’s right to a judgment by default. As a matter of courtesy, the plaintiff’s attorney might not, in that event, have taken the judgment, but if he chose, he would have the right to do so, if there was no rule of practice to the contrary.
The object of this writ is to bring before the *191 court errors of fact which would have produced a different judgment had such facts been before the court upon the first hearing, and which fact or facts the party was prevented from showing by accident, fraud, or mistake, unmixed with fault upon his part. This is clearly not such a case. There is no error in the record.
It appears that in dismissing the writ of error in the court below, no judgment was rendered upon the bond given for the prosecution of the writ; the judgment was simply dismissing the writ and discharging the supersedeas, and from this the petitioners prayed and obtained an appeal in the nature of a writ of error. There appears in the record an entry made at a subsequent term of the court, which recites that it appearing that in the entry of the former judgment the name of Jerry Brown, the security on the bond given for the issuance of the writ of error coram nobis had been omitted, it is, on motion of the plaintiffs, ordered that the entry be amended so as to include Jerry Brown’s name as such security in the full amount of the debt and costs, and that his name be included in the execution ordered.
This we must treat as a nullity, for the reason that at the time this order was made the court had no jurisdiction, the cause being in this court by appeal in error; and if this were not so, taking the two entries together, there was clearly no judgment rendered against 'the security. The motion is now made to render the judgment, in affirming the action of the court below, against the security upon the *192 bond. This we cannot do. An appeal in the nature of a writ of error does not vacate, but only suspends the judgment of the court below. The errors to be corrected are only those committed against, the party prosecuting the writ of error or appeal. The rule applied in cases of a broad appeal in chancery — which vacates the entire decree below — does not apply' here.
No writ of error has been prosecuted by the defendants to correct this error, and none can now be prosecuted, as the time has expired. '
We can only affirm the judgment of the court below.